TERRITORY *v.* HENRY N. KAAHANUI.

No. 1751.

MOTION TO QUASH WRIT OF ERROR.

ARGUED MAY 16, 1927.                    DECIDED MAY 19, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

APPEAL AND ERROR—*criminal procedure—writ of error by Territory.*

When a circuit judge quashes an indictment charging perjury, on the ground that the statement alleged to have been sworn to by the defendant was not material, his judgment is based on a construction of the statute defining perjury and the Territory is entitled, under section 2522, R. L. 1925, to bring said judgment to this court for review on writ of error.

This is a motion to quash a writ of error. The defendant was indicted for perjury. He moved to quash the indictment on the ground that it does not appear therefrom that the alleged false testimony was pertinent or material to the issue in the case in which it was given. The motion was sustained, to which ruling the Territory excepted and thereafter brought the matter to this court on writ of error. The ground of the motion to quash the writ is that this is not a case which section 2522, R. L. 1925, authorizes the Territory to bring to this court for review. The statute referred to is as follows:

"A writ of error may be taken by and on behalf of the Territory from the district or circuit courts direct to the supreme court in all criminal cases, in the following instances, to-wit:

"From a decision or judgment quashing, setting aside, or sustaining a demurrer to, any indictment or any count thereof or any criminal charge, where such decision or judgment is based upon the invalidity or construction of the statute upon which the indictment or charge is founded.

"From a decision arresting a judgment of conviction for insufficiency of the indictment or charge, where such decision is based upon the invalidity or construction of the statute upon which the indictment or charge is founded.

"From a decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy."

It is contended by the defendant that the judgment sustaining the motion to quash the indictment was not based on the validity or construction of the statute upon which the indictment was founded and therefore the writ of error was improperly issued. On the other hand, it is contended by the Territory that said judgment was based on the construction of section 4305, R. L. 1925, defining the crime of perjury. This section is as follows:

"Perjury is wilfully, knowingly and falsely stating, orally or in writing, some material fact on oath where the oath is required or authorized by law.

"An oath includes an affirmation within the meaning of this chapter. The oath or affirmation must be duly administered by one having legal authority to administer the same, either in person or through an interpreter."

The circuit judge gave as his reason for sustaining the motion to quash the indictment that the fact alleged to have been testified to by the defendant was not material and therefore did not fall under the condemnation of section 4305. In reaching this conclusion it was necessary for him first to determine what is meant by "material fact" as used in the statute. Having done this, it next became necessary for him to determine whether the fact alleged to have been testified to by the defendant was a "material fact" according to his interpretation of that term. This certainly involved the consideration and construction of both the indictment and that part of the statute where those words appear. He could not decide whether the indictment charged perjury without construing the statute which defines perjury. This question has been many times decided by the United States Supreme Court in considering the Criminal Appeals Act of March 2, 1907, from which section 4305, *supra,* was taken. In the case of *United States* v. *Patten,* 226 U. S. 525, 535 (often cited with approval in its subsequent decisions), the court said: "The limitations upon our jurisdiction under the Criminal Appeals Act are such that we must accept the circuit court's construction of the counts and consider only whether its decision that the acts charged are not condemned as criminal by the Anti-trust Act is based upon an erroneous construction of that statute. At the outset we are confronted with the contention that the decision is not based upon a construction of the statute.

But to this we cannot assent. The court could not have decided, as it did, that the acts charged are not within the condemnation of the statute without first ascertaining what it does condemn, which, of course, involved its construction. Indeed, it seems a solecism to say that the decision that the acts charged are not within the statute is not based upon a construction of it."

The motion to quash the writ of error is overruled.

*J. C. Kelley* for the motion.

*H. L. Wrenn,* Deputy City and County Attorney, contra.